365 So.2d 464 (1978)
STATE of Louisiana
v.
Leo J. MULLER, Sr.
No. 61348.
Supreme Court of Louisiana.
May 22, 1978.
On Rehearing September 5, 1978.
Rehearing Denied October 5, 1978.
John Wilson Reed, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Wilton E. Bland, III, Asst. Dist. Attys., for plaintiffrespondent.
SUMMERS, Justice.
Defendant Leo J. Muller, Sr., was charged with obscenity, in that he did indecently and publicly expose his penis in the presence of another person in a location open to public view or the people at large with the intent of arousing sexual desire. In a former review of a bench trial conviction, we remanded the case to the trial judge on a finding that defendant had not knowingly and intelligently waived his right to trial by jury. State v. Muller, 351 So.2d 143 (La.1977). In doing so the Court pretermitted consideration of defendant's motion to quash the bill of information.
In the trial court on remand defendant reurged the motion to quash, alleging that it fails to charge an offense which is punishable under a valid statute. More particularly, the motion states the place of the offense as specified in the bill of particulars, a supermarket, is not a place contemplated by Section 106 of Title 14 of the Revised Statutes. Insofar as it is applicable to this motion to quash, the statute provides:
"A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva or female breast nipples in any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom with the intent of arousing sexual desire.. . ."
In a memorandum to support defendant's motion to quash it is contended that the inside of an enclosed supermarket is not a place covered by the statute. In reply the State's attorney argues that the supermarket is any location or place open to the view of the public or the people at large. The trial judge denied the motion to quash, and certiorari was granted on defendant's application. 354 So.2d 205.
*465 Relying upon the decision in Nelson v. Natchez, 197 Miss. 26, 19 So.2d 747 (1944), this Court in the original opinion in State v. Christine, 239 La. 259, 118 So.2d 403 (1960), rev'd. on rehearing on other grounds, approved this definition of "public place" as the term was used in a city ordinance, making it a crime for any person to profanely swear or curse or use vulgar or indecent language in any public place within the city:
". . . a public place within the ordinance, and as applied to an enclosure, room or building, must be considered as one wherein, by general invitation, members of the public attend for reasons of business, entertainment, instruction or the like, and are welcome so long as they conform to what is customarily there done . . .. An eating house is a public place . . . and a restaurant is an eating house under another name. It is within this definition that a church is a public place . . . and so a barber shop."
According to the definition already approved by this Court, a public place is not limited to streets, parks, beaches, etc. It is "any location" which is open to the view of the public to which the statute applies. Surely, within this definition, a supermarket must be considered as a building wherein "by general invitation, members of the public attend for reasons of business . . . and are welcome so long as they conform to what is customarily there done." If that be so, the supermarket is a public place as contemplated by the definition in State v. Christine and in the statute before us.
And a holding that the supermarket is a public place as that phrase is used in the statute is not altered by the illustrative clause "such as a street, highway, neutral ground, sidewalk, park, beach, riverbank or other place or location viewable therefrom." "Such as" has traditionally been used in Louisiana law to set off an illustrative list. Realizing as we do that the Civil Code does not pertain to criminal law, the rule of reason that Article 3556(29) expounds is one which has prevailed here at least since 1825. It reads, "Such as.These are words employed to give some example of a rule, and are never exclusive of other cases which that rule is made to embrace."
Certainly, as the defense contends, the rule of law announced in Section 3 of Title 14 of the Revised Statutes is that "The articles of this Code cannot be extended by analogy so as to create crimes not provided for [t]herein . . . .", and this Court does not purport to do so by its decision. Instead, we read the whole article in arriving at our conclusion and are guided by this language also,
"in order to promote justice and to effect the objects of the law, all of its [the Code's] provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."
Courts are directed by Section 3 to take a reasonable and common sense view of the evil at which a statute is directed and the protection it is designed to afford; and when these are within the letter of the statute, the enactment is to be construed in accordance with its purpose, although its letter would admit a narrower interpretation. State v. Butler, 331 So.2d 425 (La. 1976). The conduct charged here can reasonably be considered as the evil contemplated by the legislature.
For the reasons assigned, the ruling of the trial judge is affirmed, and the case is remanded for further proceedings.
DIXON, J., dissents with reasons.
CALOGERO, J., dissents with reasons.
DENNIS, J., dissents for the reasons assigned by DIXON and CALOGERO, JJ.
DIXON, Justice (dissenting).
I respectfully dissent.
R.S. 14:106 A(1) seems to limit the places where exposure is made criminal to those like the ones listed as illustrations, which do not include a supermarket.
*466 CALOGERO, Justice, dissenting.
Louisiana Revised Statute 14:106 A(1) is a criminal statute and as such it must be construed strictly, any ambiguity being resolved in favor of lenity. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Gyles, 313 So.2d 799 (La.1975); State v. Patterson, 259 La. 508, 250 So.2d 721 (1971). The statute in question proscribes obscenity "in any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom . . .." It seems to me that the statutory list of examples reflects the legislative determination to proscribe obscenity only in places like those listed above which are out of doors and in the public domain, or another place viewable from that sort of place. I believe that when R.S. 14:106 A(1) is strictly construed it becomes apparent that a supermarket is not the sort of place "open to the view of the public or the people at large" contemplated by the statute.
For this reason I respectfully dissent.

ON REHEARING
CALOGERO, Justice.
The narrow issue presented for the Court's determination is whether a supermarket is "any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom . . .", in view of the denunciation of intentional exposure of certain parts of the anatomy in such places by La.R.S. 14:106, defining the crime of obscenity. In our original opinion herein we concluded that such intentional exposure in a supermarket is proscribed by the definition of the crime of obscenity set forth in the statute. To arrive at our conclusion we proceeded from the premise that La.R.S. 14:106 forbids certain conduct in any "public place", drawing on the definition of "public place" approved by the Court in the original opinion in State v. Christine, 239 La. 259, 118 So.2d 403 (1960), rev'd on rehearing on other grounds, and deciding that a supermarket is a public place.
Because the words, "public place" are no part of the applicable portion of the obscenity statute Muller is asserted to have violated, we granted a rehearing to reconsider the correctness of our ruling. We conclude that our original opinion was in error, that the statute does not contemplate exposure in a supermarket and that the defendant's motion to quash should therefore have been sustained by the trial court.
Prior to 1974, La.R.S. 14:106 broadly prohibited the "[e]xposure of one's person in a public place in such manner that any part of a sex organ may be seen by another person, with the intention of arousing sexual desire" (emphasis added). Act 274 of 1974, amending the statute, removed the words "a public place" and substituted therefor "any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom."
The State's argument and our original opinion would ascribe no effect whatever to the change in the language. Applying the rationale of that opinion, a supermarket is a "public place" just as a place open to the view of the public or the people at large such as a street, highway or any of the other enumerated places is a "public place." Since all the enumerated places are public places, the reasoning of the original opinion requires a conclusion that a public place such as a supermarket be held to be within the statute's contemplation.
This reasoning, however, violates simple rules of logic as well as fundamental principles of statutory construction. The result of the original opinion ignores the presumption that the mere fact of statutory amendment manifests the legislative intent to effect change which alters legal rights and disabilities. "The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates the judicial or executive *467 construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase." 1A Sutherland Statutory Construction § 22.30 (4th ed. 1972). In Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800 (1971), overruled on other grounds in Barnett v. Develle, 289 So.2d 129 (La.1974) the Court stated: "It is a well established rule of statutory construction that the Legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter and decisions construing such statutes, and, where the new statute is worded differently from the preceding statute, the Legislature is presumed to have intended to change the law."
Conformity with well established principles of statutory construction dictates a determination that a change was intended by the 1974 amendment of La.Rev.Stat. 14:106 which implicitly rejected the judicial construction of the term "public place" as reflecting the legislative intent.
Of equal importance, and equally ignored by our opinion on original hearing, is the rule mandating that criminal statutes found ambiguous even after being construed in accordance with the provisions of La.R.S. 14:3[1] be construed strictly in favor of the defendant and lenity. State v. Young, 357 So.2d 503 (La. 1978).
An examination of the pertinent portion of the obscenity statute reveals clearly that not all places come within its intendment. Rather, the provision carefully sets forth limitations essentially defining two classes of places where the described conduct is illegal. The first class is comprised of "location[s] or place[s] open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, [or] river bank. . . ." The second class embraces "other place[s] or location[s] viewable therefrom," that is, a location or place one can see from one of the first class of locations or places.
Finding that the phrases attempting to delineate location lack the requisite clarity, we discharge our duty to ascertain the meaning of the phrases by resort to a consideration of the words and phrases with which they are associated. State v. Booth, 347 So.2d 241 (La.1977). Each of the enumerated places or locations is open, out of doors and in the public domain. Sharing these attributes, the named places differ radically from the type of place with which we are presently concerned, a supermarket. Such a structure is, typically, completely enclosed, indoors and invested with some degree of exclusivity, if only by virtue of its private ownership. Consideration of the associated places and locations to divine the intended scope of the classification of places made by the legislature militates in favor of our holding that supermarkets were not intended to be included in the legislature's classification.
In so holding, we do not disagree with the State's argument that the law should proscribe as criminal violations of the obscenity law the intentional exposure of the parts of the anatomy described in R.S. 14:106 in places such as supermarkets, hotels, hospitals and churches. The Court's function, however, is limited to interpreting and applying as written the laws passed by the legislature. In carrying out that function, we conclude that La.R.S. 14:106 as written does not make criminal intentional exposure in a supermarket.

Decree
For the foregoing reasons, the trial court's ruling is reversed, the defendant's motion to quash is sustained and the prosecution against Muller dismissed.
REVERSED AND REMANDED.
SANDERS, C. J., dissents, adhering to the views expressed on original hearing.
*468 SUMMERS and MARCUS, JJ., dissent for reasons assigned in the opinion on original hearing.
NOTES
[1] Louisiana Revised Statute 14:3 provides:

The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.