DIXON, Justice.
On December 5, 1978 a bill of information was filed in Orleans Parish charging Danny L. Clark with obscenity, a violation of R.S. 14:106. The information alleged that the defendant “did indecently and publicly ex *1219 pose his person in a place open to the view of people or the public at large with the intent of arousing sexual desire.” On January 22, 1979 the defense filed a motion to quash the information on the ground that it failed to charge an offense punishable by a valid statute, C.Cr.P. 532(1). After argument, the district judge accepted the defense position and granted the motion. Upon the State’s application, this court granted supervisory writs to review the district court’s ruling. 368 So.2d 128 (La.1979).
At the hearing on the motion the State and defense stipulated several facts. It was agreed that the defendant resided at Parc Fontaine Apartments in New Orleans and that he was inside his apartment on the second floor at the time of the alleged offense. The victims observed the defendant from below in the parking lot as they were walking to an apartment on the first floor. Although the parking lot was owned by the apartment complex, it was not enclosed and did not have a security system. Any visitor could enter the lot, which was not posted as private property.
R.S. 14:106 provides in part:
“A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva or female breast nipples in any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom with the intent of arousing sexual desire.”
The defense contends that prosecution of the alleged incident is foreclosed by the narrow interpretation given to this statute in State v. Muller, 365 So.2d 464 (La.1978), where the act of exposure occurred in a supermarket. In reaching its decision in Muller, the court noted that R.S. 14:106 A(l) did not cover all places, but instead defined two classes of places where the conduct in question was illegal. The first class includes “location[s] or place[s] open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, [or] river bank . . ” The second class embraces “other place[s] or locations] viewable therefrom . . .” those spots which can be seen from a location included in the first class. The court then reasoned that the locations specifically listed in the statute were open, out of doors, and in the public domain, and contrasted these characteristics with the attributes of a supermarket which is generally enclosed, indoors and privately owned. This marked contrast led to the conclusion that a supermarket was not a location included in the class of places where the exposure of one’s genitals constitutes criminal behavior.
In the present case it is evident that the conduct in question did not occur in a place included in the first class defined by the statute; like a supermarket, an apartment is typically enclosed, indoors, and not open to the view of people at large. Nevertheless, as our interpretation of the statute in Muller made clear, the exposure of one’s genitals is criminal if it is accomplished in a place which is “viewable” from any location open to the view of the public at large. The parking lot of the Parc Fontaine Apartments appears to be such a place. Although the lot is private property, it is not enclosed, does not have a security system, and is not posted as private property. Visitors to the apartment complex may enter and use the lot. The mere fact that the lot is privately owned should not be disposi-tive, at least where the lot is unenclosed. Viewed in this light, the lot shares significant similarities with the locations enumerated in R.S. 14:106 A(l), and an act of exposure seen from the parking lot may therefore be prosecuted under the statute.
The defense also asserts that R.S. 14:106 is unconstitutionally vague and places particular emphasis on the phrase “with the intent of arousing sexual desire.” However, this challenge was not raised in the district court and therefore is not properly before this court. Although we have held that the unconstitutionality of a statute underlying a conviction is reviewable as an error patent, State v. Stewart, 325 So.2d 828 (La.1976), no conviction has been *1220 obtained in the instant case. We therefore do not address the merits of this contention.
For the reasons assigned, the ruling of the district court granting the motion to quash is reversed, and the case is remanded for further consideration in accordance with the views expressed herein.
MARCUS, J., concurs and assigns reasons.