FRED W. JONES, Jr., Judge.
Young, Davis and Hamilton were charged separately but tried jointly in the Shreveport City Court for gambling in public in violation of La.R.S. 14:90.2. They were found guilty and each was sentenced to pay a fine of $50.00. Each defendant applied to this court for a writ of review, which we granted and consolidated for purposes of review.
According to the evidence presented at the trial, these defendants were apprehended by an officer who observed them “shooting dice” in a Shreveport laundromat. They could be seen through a window from the street. Their contention, made in the trial court and here, is that the gambling statute does not cover or apply to such a location. The codal article in question provides in part:
R.S. 14:90.2
A. Gambling in public is the aiding or abetting or participation in any game, contest, lottery, or contrivance, in any location or place open to the view of the public or the people at large, such as streets, highways, vacant lots, neutral grounds, alleyway, sidewalk, park, beach, parking lot, or condemned structures whereby a person risks the loss of anything of value in order to realize a profit.

A similar clause in our obscenity statute was considered by the supreme court in State v. Muller, 365 So.2d 464 (La.1978). Certain conduct was prohibited “in any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, beach, river bank or other place or location viewable therefrom....” On rehearing the court “determined that the legislature had intended to include only places like parks, sidewalks, parking lots, roads and the like, and not to include buildings and other commercial establishments open to *206 the public, such as supermarkets and department stores.” See State v. Walters, 440 So.2d 115, 120 (La.1983).
The following year the gambling statute was added to our Criminal Code, using the same narrow language as Muller in defining the prohibited location, despite the fact that in the same year the legislature chose to broaden the language of the obscenity act in this respect.
We note further that the gambling article does not contain the clause “or other place or location viewable therefrom” which was contained in the obscenity statute. Therefore, there is no merit to the argument that the defendants were guilty of committing the crime of gambling in public since, although inside a building, they were viewable from a street.
We conclude, therefore, that gambling in the laundromat was not “gambling in public” as defined by La.R.S. 14:90.2. Consequently, these convictions are reversed, the sentences are vacated, and the defendants are ordered discharged.