GUIDRY, Judge.
The defendant, Hannon Roy, Jr., was charged by grand jury indictment with two counts of obscenity, in violation of La.R.S. 14:106. On September 28, 1983, the defendant was convicted on one count by a six person jury. On November 3, 1983, the defendant was sentenced to serve eighteen months at hard labor. Defendant appeals his conviction.
FACTS
The incident in question occurred on July 16, 1983, in front of the defendant’s home. As Mrs. Bernadine Beauclair prepared to depart from her grandmother’s residence, she glanced out the driveway to check the traffic. While doing so, Mrs. Beauclair *1041 observed the defendant standing in his front yard with his pants down to his knees.[1] According to Mrs. Beauclair, the defendant’s genitals were exposed. She added that the defendant was approximately fifteen feet from the public highway and was facing the road. Mrs. Beauclair, who was accompanied by her two young children, noted that the area where the defendant was standing was unobstructed. The defendant stood there while her vehicle went by, making no effort to cover himself.
On appeal, the defendant makes the following assignments of error:
1. The verdict of guilty was not supported by the evidence.
2. The trial court erred in denying his motion for a post-verdict judgment of acquittal.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments of error, defendant contends there was insufficient evidence presented by the State to establish the essential elements of the crime of obscenity beyond a reasonable doubt.
In State v. Sharp, 414 So.2d 752 (La.1982), the Supreme Court stated:
“In order for a conviction to stand, the evidence, when viewed in a light most favorable to the prosecution, must be sufficient to convince a reasonable trier of fact of the guilt of the defendant, beyond a reasonable doubt, of every element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Guillot, 389 So.2d 68 (La.1980)”
La.R.S. 14:106 defines the crime of obscenity. The provision pertinent to this prosecution provides:
“A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.”
Defendant was charged with committing obscenity by exposing his genitals in a place open to public view in a manner that was patently offensive. Defendant argues that he did not intentionally expose himself; he was not in a place open to public view; and, his actions were not “patently offensive.”
As stated earlier, the State adduced testimony from Mrs. Bernadine Beauclair that as she, along with her two young children, were leaving the driveway of her grandmother’s residence, she observed the defendant in front of his home. According to Mrs. Beauclair, the defendant had his pants down to his knees with his genitals exposed; he was facing the highway, approximately fifteen feet therefrom; the area was unobstructed; and, he made no effort to cover himself as Mrs. Beauclair drove by. Mrs. Beauclair testified that she found defendant’s conduct patently offensive.
In our view, this evidence, when considered in a light most favorable to the prosecution, was sufficient to convince a reasonable trier of fact that the defendant was guilty, beyond a reasonable doubt, of every element of the crime of obscenity as denounced by La.R.S. 14:106. See State v. Clark, 372 So.2d 1218 (La.1979).
For the above and foregoing reasons, the conviction of the defendant is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.

. The defendant’s home is located a short distance across the highway from the grandmother’s residence.