491 So.2d 451 (1986)
STATE of Louisiana
v.
Albert ROBINSON.
No. 85 KA 1275.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*452 William J. Burris, Franklinton, for plaintiff-appellee State of La.
Anthony Crouse, Covington, for defendant-appellant Albert Robinson.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Albert Robinson was charged by bill of information with aggravated crime against nature in violation of LSA-R.S. 14:89.1(A)(2). Defendant pled not guilty and, following trial by jury, was convicted as charged. Defendant was subsequently charged and adjudicated a second felony habitual offender. The trial court sentenced defendant to a twenty-five year term of imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.
Defendant brings this appeal, urging two assignments of error:
(1) There is an insufficient factual basis upon which a rational trier of fact could find guilt beyond a reasonable doubt.
(2) The sentence imposed is excessive.
Assignment of error number two was not briefed and is thereby considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
The record reveals that the victim in the case sub judice is a fifteen-year-old boy who resided in the same neighborhood as defendant, a thirty-five-year-old man. The victim testified that he was visiting friends in downtown Bogalusa one Saturday evening when he missed his ten o'clock p.m. ride home. After searching several hours for substitute transportation, the victim approached defendant who agreed to drive him home. Defendant's only other passenger was Jackie Robinson who was promptly driven to his destination, thereby leaving defendant and the victim alone in defendant's automobile. Rather than driving the victim home, defendant drove to a secluded site. The victim contended that defendant possessed a .38 caliber gun and threatened to "blow his [the victim's] head off" if he did not cooperate. The victim was ordered to disrobe and was forced to engage in three separate acts of oral sexual intercourse. Between each oral sexual act, the victim was forced to submit to anal intercourse with defendant. Although the victim pleaded with defendant to terminate his ordeal, defendant responded by taunting, "Do you want this or the .38?" The victim related that his sexual encounter with defendant lasted about two hours. Thereafter, the victim was allowed to dress himself and cautioned not to disclose their sexual encounter. Defendant suggested that the victim's peers would ridicule him if they learned that he had engaged in oral sexual intercourse with defendant. The victim was then driven home, arriving about five o'clock a.m. He immediately took a bath, poured alcohol on his clothing, locked all the windows and retrieved a kitchen knife which he took to his bedroom.
The victim's unusual behavior upon arriving home was confirmed by his parents, who both testified at trial. When questioned by his mother, the victim disclosed that he was "sick to his stomach" and had a problem to solve by himself. Later that *453 afternoon, the victim's mother discovered that a .12 gauge shotgun was missing from her closet. When confronted by his father, the victim admitted that he had taken the shotgun. The victim then disclosed that he intended to use the gun to kill defendant because defendant had raped him. Thereafter, law enforcement officers were contacted by the victim's parents. Defendant was arrested following police investigation of the incident.
The defendant, who took the stand on his own behalf, and Jackie Robinson both acknowledged that the victim had been driven to his home by defendant. However, all other allegations of the victim were denied. Defendant and his common-law wife maintained that defendant arrived at their home about two o'clock that Sunday morning.

ASSIGNMENT OF ERROR NO. 1
By means of this assignment, defendant contends that the instant verdict was erroneous because no rational trier of fact could have concluded that the state had proved any apparent power of execution of the threats. We disagree.
Initially, we note that LSA-R.S. 14:89.1 provides that aggravated crime against nature may be committed under any one or more of several circumstances. Subsection six of this statute (designated as subsection five at the time of the instant offense) provides that an aggravated crime against nature (LSA-R.S. 14:89) occurs when the victim is under the age of seventeen years and the defendant is at least three years older than the victim. The instant encounter clearly fell within the purview of that subsection; however, in the bill of information the state elected to proceed only under subsection two of LSA-R.S. 14:89.1.[1] By electing to prosecute only under LSA-R.S. 14:89.1(A)(2), the state was required to prove that the victim was prevented from resisting an act of oral sexual intercourse by threats of great and immediate bodily harm, accompanied by apparent power of execution.
The standard used in reviewing the sufficiency of evidence is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. See LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). Considering the victim's testimony, the circumstances of the encounter, the respective ages, physical size and appearance of defendant and the victim,[2] a rational trier of fact could have easily found the defendant guilty of aggravated crime against nature.
The testimony of the victim is sufficient to establish the elements of an offense. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La.1984). However, defendant argues that the victim's testimony, even if believed by the trier of fact, was insufficient to establish that defendant had the apparent power to execute his threat to "blow off" the victim's head. In reaching this conclusion, defendant relies on the victim's admission that he never actually saw defendant's .38 caliber gun.
During his testimony at trial, the victim revealed the details of his sexual encounter with defendant. The victim was seated alone in the back seat of an automobile operated by defendant, the vehicle's only other occupant. After defendant vulgarly informed the victim that he was about to be forced to engage in oral sexual intercourse, he warned the victim that his head would be "blown off" if he did not cooperate. Although the victim was not *454 shown the gun, defendant maintained that it was positioned next to him on the front seat of the automobile. The victim further testified that he did not attempt to escape after exiting the automobile because he did not know if defendant had placed the gun on his person after exiting the automobile. The victim stated that he was crying while he disrobed and handed his clothing to defendant. When the victim begged defendant not to proceed with his plan, defendant responded: "Well, you want this or the .38?" Thereafter, defendant engaged the victim in three oral sexual acts. Between each oral sexual encounter, the victim was made to grab the steering wheel as defendant attempted to engage in anal intercourse with the victim. The victim acknowledged that, from that vantage point, he was able to determine that the gun, referenced by defendant, was no longer in the automobile. Based on that admission and the assumption that defendant could not have had a gun on his person while his trousers were pulled down to facilitate his sexual activities, defendant argues that the victim's version of the incident fails to establish that defendant had the power to execute his threats.
LSA-R.S. 14:89.1(A)(2) does not require that the perpetrator be armed with a dangerous weapon. We note that unless the legislature has attached a particular meaning to a term different from that usually understood in common parlance, the common definition of a word will be presumed to be the one intended. State v. Jenkins, 338 So.2d 276 (La.1976). The term "apparent" refers to that which is obvious, evident, or manifest to the eye or the mind. Black's Law Dictionary 123 (4th Ed.1968). The victim's testimony showed that defendant repeatedly threatened his life while leading him to believe that he was armed. Such a verbalized threat clearly manifested a probable power of execution to the young victim herein. Therefore, in the mind of the victim, defendant possessed the "apparent" power to execute his threat. Cf. State v. Selman, 300 So.2d 467 (La.1974), vacated in part on other grounds, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976).
For the foregoing reasons, this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Although we do not have a transcription of the jury charges, the trial transcript of record does not indicate any attempt on the part of the prosecution to vary its strategy at trial. No evidence was offered in an attempt to establish defendant's age.
[2] Defendant's age appears of record outside the scope of the trial testimony. However, the disparity in age between defendant and the victim would have been apparent to the trier of fact. The trier of fact would also be in a position to observe any disparity in physical size of the defendant and the victim.