517 So.2d 464 (1987)
STATE of Louisiana
v.
Timothy MAGEE.
No. 87 KA 0726.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*465 Thomas J. Ford, Jr., Asst. Dist. Atty., Franklinton, for plaintiff-appellee.
Clarence Guillory, Franklinton, for defendant-appellant.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
Timothy Magee was charged by bill of information with obscenity, in violation of LSA-R.S. 14:106. He pled not guilty and waived his right to trial by jury. The trial judge found the defendant guilty as charged. At the sentencing hearing, after the defendant admitted to a previous felony conviction,[1] the trial judge found the defendant to be a multiple offender and sentenced him to two years at hard labor. The defendant has appealed, alleging three assignments of error as follows:
1. The trial judge erred in permitting the prosecutor to ask a leading question.
2. The evidence is insufficient to support the instant conviction.
3. The trial judge erred in imposing an excessive sentence.
Assignment of error number one was not briefed on appeal and is, therefore, considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
At the trial, the victim, a fourteen-year-old girl, testified that on May 19, 1986, the defendant, while in his yard which is located directly across from where she was waiting for the school bus, exposed his penis to her by pulling down his pants. She testified that in January, 1986, the defendant had approached her at the bus stop and attempted to converse with her, but she became frightened and asked him *466 to go away. She testified that, on many occasions since that day in January, the defendant had watched her from his yard or from his window as she waited for the school bus and that he had often waved or motioned to her, but that she had ignored him.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the evidence was insufficient to support his conviction for obscenity. The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider the claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
LSA-R.S. 14:106(A)(1) provides:
The crime of obscenity is the intentional:
Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
In his brief, the defendant contends that the victim's mother "did not testify that she witnessed any lewd activities" and that the victim's veracity was doubtful because "she could not tell if the penis was erect or not due to the distance." Defendant correctly argues that the mother's testimony did not establish any elements of the offense of obscenity. The mother only testified that, on many occasions when her daughter was at the bus stop, she had seen the defendant in his yard or looking out of his window. However, the victim testified that on May 19, 1986, while she was waiting for the school bus, the defendant knelt down in his yard near the corner of his house (which was located directly across from the bus stop), pulled down his pants, and stood up, exposing his penis to her. Her testimony indicated that the defendant's actions were intentional and were specifically directed toward her. Finally, her testimony indicated that, although there were weeds in the defendant's yard, her view of the area where the defendant was positioned was unobstructed.
The defendant also questions whether the place in which this act of exposure was performed is included in the class of places where the exposure of one's genitals constitutes criminal behavior, noting that the victim's testimony indicated that the act took place in defendant's yard near the corner of his house. Although this exposure took place in the defendant's yard, the area was unobstructed and was located near a public road. We conclude that the location of this exposure was clearly within the class of places included in LSA-R.S. 14:106. See State v. Clark, 372 So.2d 1218 (La.1979); State v. Roy, 458 So.2d 1040 (La.App.3d Cir.1984), writ denied, 462 So.2d 1262 (La.1985).
It is well established that the victim's testimony is sufficient to establish the elements of an offense. State v. Robinson, 491 So.2d 451 (La.App. 1st Cir.1986); State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La. 1984). After reviewing the record, we believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the State proved beyond a reasonable doubt the essential elements of the crime of obscenity.
For the above reasons, this assignment of error is without merit.

PATENT ERROR
In assignment of error number three, the defendant contends that the sentence imposed by the trial judge was excessive.
*467 However, this Court has discovered error patent on the face of the proceedings which requires us to remand this matter for resentencing. LSA-C.Cr.P. art. 920. Therefore, we will not address assignment of error number three.
LSA-R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. "LSA-R.S. 15:529.1 further implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983); State v. Jones, 504 So.2d 920 (La.App. 1st Cir.1987).
The record of sentencing indicates that the trial judge found the defendant to be a second felony offender and sentenced him accordingly. The defendant admitted that he was the same Timothy Magee who was convicted of attempted forcible rape in June of 1985. However, although the trial judge informed the defendant of the allegations contained in the habitual offender bill of information and of the defendant's right to be tried as to the truth of those allegations, the trial judge did not advise the defendant of his statutory right to remain silent. State v. Johnson, supra; State v. Jones, supra. The failure of the trial judge to so inform the defendant constitutes error patent on the face of the record. See State v. Burge, 506 So.2d 759 (La.App. 1st Cir.1987).

CONCLUSION
The defendant's conviction is affirmed. However, for the reasons assigned, the defendant's adjudication as a multiple offender and sentence are vacated. The case is remanded to the trial court for further hearing on the multiple offender bill and for resentencing consistent with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE AND HABITUAL OFFENDER ADJUDICATION VACATED AND REMANDED.
NOTES
[1] Under docket number 42,015, the State filed a habitual offender bill of information, charging defendant with having previously been convicted of attempted forcible rape.