GOTHARD, Judge.
William Songy, Lydia Chastant, Frank Frabbiele and A.G. Stritzinger, Jr. were charged, by bill of information, with gambling in violation of LSA-R.S. 14:90. They were jointly tried before the bench. William Songy, defendant herein, was found guilty as charged. The remaining three defendants were found not guilty. Subsequently, Songy was sentenced to serve six months in the Jefferson Parish Prison and to pay a $500 fine. Execution of the sentence was suspended and the defendant was placed on active probation for one year with three special conditions as follows: (1) that he stay clear of the gambling scene, (2) that he pay $35 per month active probation fee, and (3) that he pay certain costs. The defendant appeals his conviction and sentence. We affirm.
Initially we note that this court has no appellate jurisdiction in this matter since the offense is not triable by a jury. C.Cr.P. 912.1. Defendant’s proper remedy is by application for supervisory writs. However, we will consider this appeal as a request for an exercise of supervisory jurisdiction and rule on the merits. State v. Maxwell, 554 So.2d 769 (La.App. 5th Cir. 1989).
On May 24, 1989 Detective Fred Gonzales and Sergeant Donald DeSalvo executed a search warrant at the penthouse of the Castille apartments on Severn Avenue in Metairie. Inside the apartment the officers found a professional blackjack table and a conventional card table. Defendant Songy was seated at the dealer’s position of the blackjack table. There were four or five players also seated at the table. Mr. Frabbiele and Mr. Stritzinger were seated at the card table. Ms. Chastant answered the door when the officers arrived. There were chips, cards, a dealer’s shoe and cash on the blackjack table. There was a deck of cards on the card table. The officers also found $5,000 in Songy’s sock and $560.00 in a box under the blackjack table. As a result of the search charges were brought against four of the individuals in the apartment.
The defendant assigns two related errors which question the sufficiency of the evidence presented by the state in his conviction.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988); State v. DiLosa, 529 So.2d 14 (La.App. 5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989). When circumstantial evidence is used to prove the commission of an offense LSA-R.S. 15:438 provides: “The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the *186 evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Porretto, 468 So.2d 1142 (La.1985). LSA-R.S. 15:438 may not establish a stricter standard of review than the more general reasonable juror reasonable doubt formula, but it emphasized the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Captville, 448 So.2d 676 (La.1984). Ultimately, all evidence both direct and circumstantial must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Porretto, supra.
LSA-R.S. 14:90 provides in pertinent part:
Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit. (Emphasis added.)
At trial the state presented the testimony of the two arresting officers and three of the players to prove the offense of gambling. All three players agreed that defendant Songy was dealing blackjack and that he took their money, placed it in a box under the table through a slot, and gave them chips in return. They also testified that food and drink were available at no cost upon request.
According to the testimony, the rules of the game allowed a player to take over the deal upon scoring a “blackjack,” provided they had $5,000 in cash to insure payment to the winning players. Testimony indicated that, while the deal changed hands, no money was passed between the dealers on those occasions. The players testified that the house took no cut from the money made by the dealers.
The officers testified that the apartment was set up solely for the purpose of gambling and that no one actually resided there. Investigation revealed that the telephone in the apartment was listed to the Fat City Mens Club, a Louisiana Corporation whose officers include Frank Frabbiele and Jack Rhodes. Frabbiele was in the apartment when the officers arrived and Rhodes was seen going in and out of the apartment during surveillance.
In support of the officers’ testimony the state offered several photographs into evidence depicting the blackjack table and the players along with all of the gambling paraphernalia. Also introduced into evidence was a picture depicting signs on the door of the apartment instructing visitors to use the rear entrance and to “tell Lydia when leaving.”
The defendant argues that the players’ testimony concerning the nature of the activity and the manner in which it was conducted only proved that a game of blackjack was being played and not that the game was conducted as a business as required for conviction pursuant to the relevant statute. It is obvious that the trial court disagreed with the defendant and considered the circumstantial evidence presented by the state sufficient to prove the crime of gambling. Under the circumstances we cannot disagree. We believe that the credibility of the witnesses, when viewed in light of the surrounding circumstances, was a deciding factor in the trial judge’s finding of fact that the house was participating in the profits of the game. It is not the function of the court of appeal in criminal convictions to evaluate the credibility of witnesses and overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La. 1983); State v. Gilmore, 522 So.2d 658 (La.App. 5th Cir.1988). Consequently, we affirm the defendant’s conviction and sentence.
AFFIRMED.