Dear Mr. Crager:
This office is in receipt of your opinion request date February 22, 1993.
Your questions as I understand them are whether card games, including Black Jack, conducted in lounges and truck stops are legal?
La. R.S. 14:90 A. provides:
 A. (1)(a) Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.
 (b) Whoever commits the crime of gambling shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
 (2) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than twenty thousand dollars, or imprisoned with or without hard labor, for not more than five years, or both when:
(a) R.S. 14:90 is violated.
 (b) Five or more persons are involved who conduct, finance, manage, supervise, direct, or own all or part of an illegal gambling business.
 (c) Such business has been in or remains in substantially continuous operation for a period of thirty days or more or, if the continuous operation is for less than thirty days, has a gross revenue of two thousand dollars in any single day.
This section prohibits gambling as a business but does not prohibit gambling between individuals. Gandolfo v. La. State Racing Commission, 78 So.2d 504 (La. 1955).
It would be an essential element of a gambling violation that the activity be conducted as a business, i.e. that someone received a benefit by such wagering other than the participants. See A.G. Opinion 1946-48 p. 141.
Aside from the establishment taking a percentage of each "pot", other methods might constitute operation of the activity as a business, for example; fees charged for use of the establishment, see A.G. Opinion 1946-48 p. 114, fees charged for use of gambling paraphernalia, tipping of dealers, or even perhaps premiums charged for food or beverages sold by the establishment or other persons to the participants. See however A.G. Opinion 1952-54 p. 50. A factual determination would need to be made on a case by case basis.
Specifically relative to your question concerning Black Jack games, such games are normally conducted with players betting against the "house" dealer. In the event the establishment or some other person were banking the games, i.e. standing to win all bets lost by the various participants, this would seem to constitute conducting gambling as a business and therefore prohibited by La. R.S. 14:90. To this view, our jurisprudence lends support, the 5th Circuit having stated in State v. Songy, 588 So.2d 184 (La.App. 5 Cir., 1991), when the house participates in the card game blackjack, that is sufficient evidence to sustain a conviction pursuant to La. R.S.14:90.
Regardless of whether the gambling activity is conducted as a business, gambling in public is prohibited by La. R.S.14:90.2 A. which provides:
 "Gambling in public is the aiding or abetting or participation in any game, contest, lottery, or contrivance, in any location or place open to the view of the public or the people at large, such as streets, highways, vacant lots, neutral grounds, alleyway, sidewalk, park, beach, parking lot, or condemned structures whereby a person risks the loss of anything of value in order to realize a profit."
The 2nd Circuit Court of Appeal ruled in 1984 that shooting dice in a laundromat did not constitute gambling in public even though the activity was viewable from the street. State v. Young, 457 So.2d 205 (La.App. 2nd Cir., 1984).
Therefore card games conducted in lounges and truckstops described in your opinion request might not constitute a violation of La. R.S. 14:90.2 per se under the rationale of the Court in State v. Young, supra.
An additional reference to the issue is La. R.S. 33:4852, which reads as follows:
 "Police juries may suppress and prohibit gambling with cards, or any card game by which anything of value is pledged, bet, or hazarded. This Section shall not apply to any private game played in a private home occupied by a family as such, or game in private clubs, conducted without rake-off for gain."
It appears that this provision authorizes police juries to prohibit certain gambling with cards, such as card games conducted as a business, provided the proscription does not exceed the legislative definition in La. R.S. 14:90. Put simply, a parish governing body does not have the right to decide what shall be in effect local gambling crimes. State ex rel. Corbello v. Bond, 441 So.2d 742 (La. 1983).
In conclusion, it is the opinion of this office that La. R.S. 14:90 and La. R.S. 14:90.2 clearly and specifically describe the activity prohibited and that each such case must be determined on its own facts.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: THOMAS A. WARNER, III Deputy Director TAW/ja