# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 03-177


## STATE OF LOUISIANA


## VERSUS


## BOBBY HOLMES


**********


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 109,568
HONORABLE WILLIAM J. BENNETT, DISTRICT COURT JUDGE


**********


## SYLVIA R. COOKS
## JUDGE


**********


Court composed of Sylvia R. Cooks, Oswald A. Decuir and Glenn B. Gremillion, Judges.


**CONVICTION AND SENTENCE REVERSED.**

**Honorable Charles Riddle, III**
**Avoyelles Parish District Attorney's Office**
**P.O. Box 501**
**Mansura, LA 71350**
**Telephone: (337) 239-2008**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Bobby Holmes**
**1630 Prison Road**
**Cottonport, LA 71327**
**COUNSEL FOR:**
     **Defendant/Appellant - Bobby Holmes**

**COOKS, Judge.**

Defendant, Bobby Holmes, was charged with two counts of obscenity in violation of La.R.S. 14:106. The first alleged act of obscenity occurred on August 14, 2001, when a female prison guard accused Defendant of "stroking his erect penis with his hand in a masturbating manner" while in the prison shower.[1] The second act occurred on April 22, 2002 when defendant allegedly exposed his penis to another female guard and masturbated. Defendant filed a Motion to Quash the charges, alleging the bill of information did not contain sufficient facts to charge the crime of obscenity. After a hearing, the trial court denied the Motion to Quash. Defendant sought supervisory writs with this court. We held:

> **WRIT DENIED:** Based upon the application before this court, we do not find that the trial court abused its discretion in denying Defendant's Motion to Quash. The bills of information contain sufficient facts to charge the crime of obscenity. Furthermore, the record presented to this court is void of any evidence indicating the location within the correctional center of the alleged offenses. Therefore, we cannot say that the bills of information should have been quashed. Accordingly, the Defendant's writ application is denied.

*See State v. Holmes*, an unpublished writ bearing docket number 02-416 (La.App. 3 Cir. 5/24/02).

Following the denial of writs, Defendant pled guilty to both counts of obscenity. He was sentenced, pursuant to a plea agreement, to one year on each count, to be served consecutively. Defendant filed an application for post-conviction relief in the trial court, which was denied with written reasons issued on January 6, 2003. No hearing was conducted in the matter.

Defendant now alleges one of the crimes for which he was convicted (the August 14, 2001 incident in the prison shower) did not exist, and his plea to this charge was invalid. He argues the application of the newly amended statute to his

---

[1] The bill of information erroneously listed the date of the offense as September 24, 2001. It was admitted by all concerned that the correct date of the alleged offense was August 14, 2001.

case constitutes a prohibited *ex post facto* application of the law. In his current filing, Defendant includes documents to support his claim, which were not part of the record in the previous filing. After reviewing these documents, we note the location of the alleged offense (the prison shower) was not disclosed by the State the first time we considered this matter. We find this fact requires that we reverse and vacate Defendant's sentence on the obscenity charge which occurred prior to the amendment of the obscenity statute.[2]

## ASSIGNMENT OF ERROR

Defendant alleges he was charged with exposing and fondling himself in front of a female guard while in the prison shower, and that the inclusion of "any prison or jail" in La.R.S. 14:106(A)(1), as a place where obscenity can be charged, occurred after the date on which the offense in his case occurred. Thus, Defendant protests that he was charged with a "nonexistent offense" and as such his plea must be vacated.

We note the offense occurred on August 14, 2001, at 6:09 p.m., and that La.R.S. 14:106(A)(1) was amended by Acts 2001, Number 177, which took effect on August 15, 2001, or five hours and fifty-one minutes after Defendant's conduct occurred.

Prior to the 2001 amendment, the crime of obscenity was defined, in pertinent part, as:

> Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples *in any public place or place open to the public view*, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.

(Emphasis ours.)

Acts 2001, Number 177, amended the statute to read:

> Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, **or in any prison or jail**, with the intent of arousing sexual desire or which appeals to prurient

---

[2] Defendant did not appeal his obscenity conviction for the act which occurred on April 22, 2002, which came after the effective date of the amendment of La.R.S. 14:106(A)(1).

interest or is patently offensive.

(Emphasis ours.)

We are aware of the second circuit's decision in *State v. Narcisse*, 36,595 (La.App. 2 Cir. 12/11/02), 833 So.2d 1186, *writ denied*, 03-0150 (La. 5/2/03), 842 So.2d 1099, where the defendant was charged with exposing himself in a prison infirmary, to a prison employee, in violation of La.R.S. 14:106(A)(1), prior to the legislative amendment addressing such conduct "in any prison or jail" as a specifically enumerated basis for conviction. The defendant was found guilty as charged after a jury trial. On appeal he claimed, as in the present case, that his conduct was not criminalized until the revised statute became effective. In rejecting that contention, the *Narcisse* court found that:

> It is not necessary that a defendant expose himself to the general public in a completely public and open area in order to be convicted of obscenity. A public place or place open to the public view does not have to be open to all members of the public. Any person who can see the act of obscenity being committed is a member of the public. If we were to exclude jail infirmaries as public places or places open to the public view, then every staff member or visitor could be victimized and harassed by obscene acts from prisoners.

*State v. Narcisse*, 833 So.2d at 1192.

We find the occurrence of the incident in the prison shower distinguishes this case from *Narcisse*. It is common sense that a prison shower is a location afforded greater privacy than a prison infirmary. Obviously, there are no visitors in prison showers, and it cannot be reasonably held to be a "place open to the public view" as the statute provides. It is true a prisoner's expectation of privacy, to a large extent, must give way to the immediacy of his imprisoned circumstances and the security measures which must be put in play to assure the orderly conduct of daily life in such a confined environment. Still, a "prison shower" heretofore has been regarded as one of the few places a prisoner is permitted to attend to his "private needs" except for minimal

-3-

security monitoring by authorized prison personnel.[3]  While we today pass no judgment on the wisdom of the legislative amendment to La.R.S. 14:106(A)(1), we find the conduct for which this Defendant was charged did not amount to obscenity under the previous law.  Therefore, we reverse Defendant's conviction and sentence.

**DECREE**

For the foregoing reasons, the judgment of the trial court denying Defendant's application for post-conviction relief is reversed.  The conviction and sentence are reversed.

**CONVICTION AND SENTENCE REVERSED.**

---

[3] For example, prisoners are allowed, in certain instances, to have conjugal visits, to meet with their attorneys, and to receive counseling from members of the clergy in private areas.