PENZATO, J.
The defendant, Maurice Banks, was charged by bill of information with obscenity, a violation of La. R.S. 14:106. The defendant pled not guilty and, following a jury trial, was found guilty as charged. The defendant filed a motion for postverdict judgment of acquittal, which was denied. The State filed a habitual offender bill of information. At a hearing on the matter, the defendant was adjudicated a fourth-or-subsequent-felony habitual offender and sentenced to thirty years imprisonment at hard labor without benefit of probation or suspension of sentence.[1] The defendant now appeals asserting one assignment of error. We affirm the conviction, habitual offender adjudication, and sentence.
FACTS
The defendant was an inmate at Terrebonne Parish Criminal Justice Complex (Ashland Jail). The inmates were housed in pods. Each pod had eight dorms, and each dorm had eight cells. The dorms were secured, not with bars, but with clear security glass. On June 28, 2016, the defendant was in his cell (in the "Charlie" pod). D.B.,[2] an EMT for Ashland Jail, was passing out medications to inmates that day. D.B. testified at trial that as she approached the hatch hole (where medications were dispensed) to the defendant's dorm, she saw the defendant masturbating. D.B. informed the deputy who was making the rounds with her that the defendant was exposing himself. By the time the deputy approached to see inside the defendant's cell, the defendant covered himself with a sheet so that he could not be seen. A surveillance video at the jail captured the defendant's actions and was introduced at trial.
The defendant did not testify at trial.
*965 ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues the evidence was not sufficient to support the conviction of obscenity.
A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV ; La. Const. art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See La. Code Crim. P. art. 821(B) ; State v. Ordodi , 2006-0207 (La. 11/29/06), 946 So.2d 654, 660 ; State v. Mussall , 523 So.2d 1305, 1308-09 (La. 1988). The Jackson standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. Patorno , 2001-2585 (La. App. 1 Cir. 6/21/02), 822 So.2d 141, 144.
Louisiana Revised Statute 14:106 provides in pertinent part:
A. The crime of obscenity is the intentional:
(1) Exposure of the genitals ... in any public place or place open to the public view, or in any prison or jail, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
D.B. testified at trial that as she went to deliver medications to the defendant's dorm, she saw the defendant sitting on his bunk in his cell, leaning back and masturbating. While he masturbated, according to D.B., the defendant made eye contact with her. When asked how this made her feel, D.B. stated it made her feel "disrespected."
The defendant suggests in brief that D.B. did not actually see what she claimed to have seen. According to the defendant, the surveillance video shows him in his cell, but "it does not show his penis." Further, according to the defendant, it is not even clear he made eye contact with D.B. because "when the defense attorney looked behind her during her trial testimony, she mistakenly believed he was looking at her."
Regarding the above-mentioned "eye contact" issue, defense counsel opened his cross-examination of D.B. as follows:
Q. [D.B.], what am I looking at right now?
A. I'm sorry.
Q. What am I looking at right now?
A. Me.
Q. I'm looking at the thing right behind you....
It would seem the jury dismissed this ploy of defense counsel and chose, instead, to believe the testimony of D.B. In any event, a victim's direct eye contact with a defendant is not required to prove the offense of obscenity. A defendant's exposing his genitals in an open place with the intent to arouse his own sexual desire is all that is required. See State v. Walters , 440 So.2d 115, 121 (La. 1983) (the statute requires the State to prove the offender acted with a specific intent to arouse sexual desire, either of the actor or of the viewer); State v. Strong , 446 So.2d 506, 507 (La. App. 4 Cir. 1984).
The defendant is correct that the surveillance video does not show his penis. The assistant warden at Ashland Jail testified that the camera is approximately forty *966 feet from the defendant's cell. The door to the defendant's cell is open, but there is a privacy curtain pulled across and partially covering the entrance to the door. At the beginning of the video, the defendant is sitting on his bunk, and his head can be seen above the top of the curtain; his right arm can be seen moving vigorously back and forth. Minutes later, toward the end of the video, the defendant can be seen moving to his right on his bunk. The defendant, at this point, is sitting in the space between the end of the curtain and the door jamb where he is clearly visible. While the graininess of the video does not permit the viewer to see the defendant's penis, the defendant clearly has his hand inside his shorts and appears to be masturbating. The lack of focus or sharpness of the surveillance video notwithstanding, D.B. made it clear in her testimony that she observed that the defendant had his penis in his hand and that he was masturbating. As noted, it is clear the jury chose to believe D.B.'s version of events, which established that she witnessed the defendant exposing his genitals. The testimony of the victim alone is sufficient to prove the elements of the offense. State v. Orgeron , 512 So.2d 467, 469 (La. App. 1 Cir. 1987), writ denied, 519 So.2d 113 (La. 1988). See also State v. Magee , 517 So.2d 464, 466 (La. App. 1 Cir. 1987).
The defendant argues in brief that State v. Holmes , 2003-177 (La. App. 3 Cir. 2/18/04), 866 So.2d 406, is "factually similar" to the instant matter. In Holmes , the third circuit reversed the defendant's conviction for obscenity, wherein he was seen masturbating in the shower. The defendant suggests herein that he had a greater expectation of privacy in his cell than he would have had in the prison shower. The Holmes case is readily distinguishable from the case at hand. The defendant in the instant matter was in his cell, with the cell door open; he could easily be seen by anyone who looked in his cell or walked past it. In Holmes , 866 So.2d at 408, the third circuit found:
Obviously, there are no visitors in prison showers, and it cannot be reasonably held to be a "place open to the public view" as the statute provides. It is true a prisoner's expectation of privacy, to a large extent, must give way to the immediacy of his imprisoned circumstances and the security measures which must be put in play to assure the orderly conduct of daily life in such a confined environment. Still, a "prison shower" heretofore has been regarded as one of the few places a prisoner is permitted to attend to his "private needs" except for minimal security monitoring by authorized prison personnel.
More importantly, as noted in Holmes , 866 So.2d at 407, the statute the defendant was charged under in 2001 had defined obscenity as, "Exposure of the genitals ... in any public place or place open to the public view , with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive." Shortly after the time of the offense, the obscenity statute was amended to include the language "or in any prison or jail" following the "in any public place or place open to the public view" language. Application of this new "prison or jail" language to the defendant's case in Holmes was considered an impermissible ex post facto application of the law. That is, the conduct for which this defendant was charged did not amount to obscenity under the previous law, resulting in a reversal of the defendant's conviction and sentence. Id. at 407-08.
The jury heard the testimony and viewed the physical evidence presented to it at trial and found the defendant guilty as charged. In the absence of internal contradiction or irreconcilable conflict *967 with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Higgins , 2003-1980 (La. 4/1/05), 898 So.2d 1219, 1226, cert. denied, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005). The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder's determination of guilt. State v. Taylor , 97-2261 (La. App. 1 Cir. 9/25/98), 721 So.2d 929, 932. We are constitutionally precluded from acting as a "thirteenth juror" in assessing what weight to give evidence in criminal cases. See State v. Mitchell , 99-3342 (La. 10/17/00), 772 So.2d 78, 83.
When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt, State v. Moten , 510 So.2d 55, 61 (La. App. 1 Cir.), writ denied, 514 So.2d 126 (La. 1987). In finding the defendant guilty, the jury clearly rejected the defense's theory of innocence, which was that his genitals were not exposed and he was not masturbating in his cell while D.B. was passing out medications. See Moten , 510 So.2d at 61.
After a thorough review of the record, we find the evidence supports the jury's guilty verdict. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of obscenity. See State v. Calloway , 2007-2306 (La. 1/21/09), 1 So.3d 417 (per curiam).
The assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.

The defendant had previous convictions for possession of cocaine; aggravated flight from an officer (two counts); illegal use of a weapon; and battery of a correctional facility employee.

Victims of sex offenses are referred to by their initials. See La. R.S. 46:1844(W).