284 So.2d 590 (1973)
STATE of Louisiana
v.
Robert Morris SKIPPER.
No. 53707.
Supreme Court of Louisiana.
October 29, 1973.
*591 George Spencer, Tallulah, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., John T. Seale, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Robert Morris Skipper was indicted for murder by the Madison Parish Grand Jury on March 19, 1973. He was tried by a jury, found guilty without capital punishment, and sentenced to imprisonment at hard labor for life. This appeal presents one bill of exceptions reserved during the trial.
During presentation of the State's case, while Patrolman Ernest Wilmore of the Tallulah Police Department was testifying, he was asked if he noticed anything unusual about the appellant Skipper on the night of the killing at the scene of the alleged murder. Wilmore replied that Skipper "had blood on the front of his shirt and it sort of, it was wet with blood." Wilmore further testified that he asked Skipper if he had been cut, and his answer was yes. Skipper was wearing a sweat shirt on that occasion according to Wilmore's testimony.
When the bloody sweat shirt was presented in court, and later introduced in evidence after having been identified by Officer Wilmore as the shirt taken from Skipper which had been retained in a locker at the City Hall until the trial, defense counsel objected and reserved a bill of exceptions which he has perfected for review by this Court.
As we understand the contentions of the defense, the reference to blood on the sweat shirt was not supported by any analysis conducted by the officer who testified the shirt was bloody. His testimony that the shirt was bloody was unsupported by any scientific evidence or expert testimony.
There is no merit to this bill. Blood is such a common thing, a lay witness may properly testify that he recognizes blood as such. An expert witness or scientific analysis is not required to identify blood under all circumstances. It was not necessary here.
We also understand the defense counsel is contending that the introduction of the bloody sweat shirt was gruesome, and its display inflamed the jury to the prejudice of the accused.
The State's answer to this contention sets forth that the sweat shirt was relevant for several reasons. The shirt was used to contradict a statement made by Skipper at the scene of the killing that he had been cut. This statement was made by him to Officer Wilmore in explanation of the blood on his shirt. The State's argument is that since Skipper was not in fact cut, the statement was a falsehood and inculpatory in effect under the circumstances, showing, it is inferred, that the blood came from the wounds of the victim.
To support the State's theory on this subject, the district attorney wrote to Skipper prior to trial advising him, as required by Article 768 of the Code of Criminal Procedure, that the inculpatory statement would be used against him.
We find no proper objection to the introduction of the sweat shirt.
For the reasons assigned, the conviction and sentence are affirmed.