315 So.2d 650 (1975)
STATE of Louisiana
v.
Telese JONES.
No. 55847.
Supreme Court of Louisiana.
June 23, 1975.
*651 Robert P. McLeod, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Joe Rolfe White, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Telese Jones with attempted burglary in violation of LSA-R.S. *652 14:27 and 14:62. After trial, the jury found the defendant guilty. The trial court sentenced the defendant to four and one-half years at hard labor.
Defendant appeals his conviction and sentence, relying on five specifications of error.
The background facts are as follows:
At approximately 2:30 a.m., on August 24, 1974, the Bastrop Police Headquarters radioed a message to two Bastrop police officers that a burglar alarm at the Bastrop Junior High West Campus Cafeteria Building had been triggered. The two officers proceeded to the school. However, because they did not have the keys to the school-ground gate, one officer returned for the keys and one officer remained behind close to the premises to watch for anyone leaving the cafeteria building.
Sergeant Smith, who remained at the school, saw the defendant lying on his back in a driveway. The defendant's arm was severely cut, and he informed the officer that someone had cut him.
Shortly thereafter, the patrol car returned with the keys, and the police proceeded to the cafeteria building. They observed a large amount of blood on a broken window and on a barrel which was underneath the window. There was also blood on the ground which trailed approximately 500 feet to the driveway where the defendant had been found.
In addition, the police apprehended a second suspect inside the cafeteria.

ASSIGNMENT OF ERROR NO. 1
The defendant, in a motion to quash the bill of information, challenged the validity of Article 402 of the Louisiana Code of Criminal Procedure providing for the exemption of women from jury service unless they filed a written declaration of their desire to serve. The trial court denied the motion and the defendant reserved Assignment of Error No. 1 to its ruling.
Defendant was tried by a jury selected in October of 1974. Although Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), held the Louisiana exemption unconstitutional, the United States Supreme Court in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), held that the Taylor decision would not be applied retroactively.
In brief, defendant argues that Taylor v. Louisiana, supra, should be given retroactive effect to defendants whose appeals are still within the state court system. He distinguishes Daniel v. Louisiana, supra, on the basis that Daniel's conviction had been affirmed by this Court prior to the Taylor decision.
This Court recently rejected a similar contention. See State v. Rester, La., 309 So.2d 321 (1975).
Assignment of Error No. 1 is, therefore, without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant assigns as error the denial of his challenges for cause of prospective jurors Warren Stevenson and Harold Andrews. Defendant bases his objection to the two prospective jurors on LSA-C.Cr.P. Art. 797, which provides, in pertinent part:
"The state or the defendant may challenge a juror for cause on the ground that:
* * * * * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;

*653 (3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
* * * * * *"
The voir dire examination of Mr. Stevenson disclosed that he was president of a bank in Bastrop; that the Sheriff's Department maintained a bank account at the bank; that the Assistant District Attorney prosecuting the case had prepared an occasional mortgage for the bank, though he was not the bank's regular attorney. Although the prosecutor and juror belonged to the same church, they did not visit each other socially.
The voir dire examination of Mr. Andrews disclosed that he operated a paint store; that the prosecutor had handled a civil matter for him several years prior to the present case; that he was acquainted with and considered the law enforcement officers, including those who investigated the present case, as his friends.
The trial judge is vested with a wide discretion in determining the qualifications of jurors to serve at a trial. The trial judge can bring to bear on this determination his estimate of a prospective juror, his observation of demeanor, and his knowledge of local trial conditions. Absent a clear showing of abuse of discretion, the trial judge's ruling should not be disturbed on appeal. State v. Richmond, La., 284 So.2d 317 (1973); State v. Higginbotham, 261 La. 983, 261 So.2d 638 (1972). Here both jurors were emphatic in their testimony that they could render an impartial verdict based upon the evidence and that the relationships described would not influence them in arriving at a verdict. When the voir dire examination is considered as a whole, as must be done, we find no abuse of discretion on the part of the trial judge.
Assignments of Error Nos. 2 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant assigns as error the denial of his motion for a directed verdict.
Defendant maintains there was no proof that he entered or attempted to enter the school cafeteria, or of the specific intent required by LSA-R.S. 14:27. In addition, he argues that the red substance which the witnesses referred to as blood was not proven to be blood and that no explanation of the break in the trail of blood was given.
This Court has jurisdiction to review criminal cases only for errors of law. It cannot review the sufficiency of the evidence of guilt. On appeal, the denial of a motion for a directed verdict can be reversed only when there is no evidence to support one or more essential elements of the crime. State v. Lane, La., 292 So.2d 711 (1974).
In the present case, the defendant was found cut and bleeding near a broken window in the school cafeteria. What appeared to be blood was found on the window. A broken trail of blood led in the direction of the place where the defendant was found.
It is true, as defendant asserts, that the State offered no evidence of scientific tests to establish that the substance observed was blood. Two witnesses, however, testified without objection that it was blood. Moreover, in State v. Skipper, La., 284 So.2d 590 (1973), we held that, since blood was a substance of common recognition, that a lay witness could testify as to its identity.
*654 Specific intent cannot be seen or photographed. It must be inferred from all the circumstances established at the trial. In the present case, the record provides ample evidence from which the jury could infer that the defendant had the intent to commit burglary.
We conclude there is some evidence of all elements of the offense.
Assignment of Error No. 4 is, therefore, without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant assigns as error the denial of his motion for a new trial. This motion for a new trial is based on the Assistant District Attorney's reference, in his opening statement, to the defendant as the cousin of the person found inside of the cafeteria. The State offered no evidence to prove the relationship.
The defendant raised this matter for the first time in his motion for a new trial after the verdict. He made no objection as to it during the trial, nor did he request any corrective action on the part of the trial judge.
Article 841 of the Louisiana Code of Criminal Procedure provides, in pertinent part:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."
The defendant had ample opportunity to raise this point at the close of the State's case. Hence, the defendant cannot avail himself of the alleged irregularity after verdict.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.