# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 04-805 consolidated with 04-806

**STATE OF LOUISIANA**

**VERSUS**

**CARVIN SMITH**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 03-CR-118994-A
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, C.J., Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**G. Paul Marx**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**Telephone:  (337) 237-2537**
**COUNSEL FOR:**
    **Defendant/Appellant - Carvin Smith**

**Dan B. McKay, Jr.**
**Assistant District Attorney**
**P. O. Box 1200**
**Marskville, LA 71351**
**Telephone:  (318) 346-2336**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Honorable Charles A. Riddle, III**
**District Attorney, 12th Judicial District Court**
**P. O. Box 1200**
**Marksville, LA 71351**
**Telephone:  (318) 346-2336**
**COUNSEL FOR:**
  **Plaintiff/Appellee - State of Louisiana**

**Carvin Smith**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, LA 71327-4055**

THIBODEAUX, Chief Judge.

The Defendant, Carvin Smith, appeals his conviction of obscenity on the basis of insufficiency of the evidence. We affirm.

## FACTS

On May 2, 2003, at the Avoyelles Correctional Center, two female guards, Sergeant Artie Jones and then-Cadet Stephanie Mayeux, were processing mail at a desk area in the facility. While they were working, Defendant was in a shower in the same general area, but was not immediately visible from the women's positions.

A short while later, Defendant moved to a window in the shower area, where Ms. Mayeux could see him when she looked up from the mail. When she saw him, he was standing in the shower window, looking at the women and masturbating. Sergeant Jones turned around and saw him with his erect penis in his hand. Defendant would not obey their verbal commands to stop, but relented when a male guard, Sergeant Greg Normand, approached him. Sergeant Normand also saw Defendant masturbating.

## LAW AND DISCUSSION

Defendant argues the evidence was insufficient to support his conviction. Specifically, he suggests that since he was in a shower, a reasonable observer could not have been offended by seeing his genitals, which would in all likelihood be exposed. This argument is the sole basis of Defendant's sufficiency challenge. A number of inmates testified on his behalf at trial, but he does not now compare the relative credibility of the State witnesses with that of his witnesses. At trial, Defendant adduced testimony from inmate witnesses who stated that he did not

1

masturbate. Also, the parties entered a stipulation that twelve more inmate witnesses would testify they could see into the shower area, but did not see Defendant masturbate. However, he does not refer to such testimony in his argument. Defendant does not claim on appeal that he was not masturbating or that the guards could not see him. Rather, he argues he was in a private area where he rightfully expected not to be watched.

> This court has explained:
>
> > When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, pp. 4-5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

As already observed, Defendant was convicted of obscenity. The elements of that crime are set forth in La.R.S. 14:106(A)(1), which states, in pertinent part:

> The crime of obscenity is the intentional:
>
> Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or in any prison or jail, with the intent of

2

arousing sexual desire or which appeals to prurient interest or is patently offensive.

Defendant argues that since he was in the shower, he was entitled to expect some measure of privacy, at least from "general observation by prison staff." In support of his argument, he cites language from this court:

> It is common sense that a prison shower is a location afforded greater privacy than a prison infirmary. Obviously, there are no visitors in prison showers, and it cannot be reasonably held to be a "place open to the public view" as the statute provides. It is true a prisoner's expectation of privacy, to a large extent, must give way to the immediacy of his imprisoned circumstances and the security measures which must be put in play to assure the orderly conduct of daily life in such a confined environment. Still, a "prison shower" heretofore has been regarded as one of the few places a prisoner is permitted to attend to his "private needs" except for minimal security monitoring by authorized prison personnel. While we today pass no judgment on the wisdom of the legislative amendment to La.R.S. 14:106(A)(1), we find the conduct for which this Defendant was charged did not amount to obscenity under the previous law. Therefore, we reverse Defendant's conviction and sentence.

*State v. Holmes*, 03-177, pp. 3-4 (La.App. 3 Cir. 2/18/04), 866 So.2d 406, 408 (footnote omitted).

However, the *Holmes* case was based upon an earlier version of La.R.S. 14:106, that did not contain the phrase, "or in any prison or jail." Further, the two cases differ factually. Although the factual recitation in *Holmes* was not detailed, it stated that the defendant masturbated in the shower, while observed by a female guard. *Id.* In the present case, the State's witnesses testified that although Defendant was in the shower area, he had to move about five feet from the shower head to reach the window where he masturbated within view of Sergeant Jones and Ms. Mayeaux. The two guards were approximately thirty feet away from the window, which was about four feet high by one foot wide, with its bottom sill about two feet above floor

3

level. Thus, the evidence showed that Defendant took action to put himself within view of the two female guards. Further, Ms. Mayeaux testified she yelled for him to stop. She noted that he initially appeared startled by her yelling, but continued his actions while staring at her through the window. Her testimony on this point was generally corroborated by the other two guards. Defendant suggests there was no need for Ms. Mayeaux to look at the window, as her mail-sorting duty did not require her to look up. However, Ms. Mayeaux and Sergeant Jones both testified that general observation of their surroundings was part of their duty.

Thus, even if *Holmes* stated the controlling law, it would not apply to the present case. Defendant cannot reasonably have expected privacy while standing in the window of a prison shower area.

## CONCLUSION

Defendant's conviction and sentence are affirmed.

**AFFIRMED**.