NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-455


STATE OF LOUISIANA

VERSUS

DOUGLAS C. SNEED


**********


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75787
HONORABLE JOHN C. FORD, DISTRICT JUDGE


**********


JOHN D. SAUNDERS
JUDGE


**********


Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


James Edward Beal
LA. Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant Appellant:
Douglas C. Sneed

Hon. Asa Allen Skinner
District Attorney, 30th JDC
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff Appellee:
State of Louisiana

Terry Wayne Lambright
Attorney at Law
100 S. Third St., Suite A
Leesville, LA 71446
(337) 239-6557
Counsel for Plaintiff Appellee:
State of Louisiana

**SAUNDERS, Judge.**

On January 16, 2009, the Defendant, Douglas Cody Sneed, was charged by bill of information as follows: Count 1 - armed robbery with the use of a firearm, violations of La.R.S. 14:64 and 14:64.3; Count 2 - attempted armed robbery with the use of a firearm, violations of La.R.S. 14:64, 14:64.3 and 14:27; Count 3 and 4 - theft of less than $300, a violation of La.R.S. 14:67; Count 5 - conspiracy to commit armed robbery, violations of La.R.S. 14:64 and 14:26; and, Count 6 - possession of a firearm by a convicted felon, a violation of La.R.S. 14:95. On September 14, 2009, the Defendant pled guilty to the charges in Counts 1, 2, and 5, and to charges in two unrelated docket numbers, lower court docket numbers 74,842 and 75,777.[1] The remaining charges were dismissed prior to the plea agreement. As part of his plea agreement, Counts 1 through 14, 16, and 17 in docket number 75,777 were dismissed. The State also agreed not to pursue or seek habitual offender prosecution.

The Defendant was sentenced on December 22, 2009, to twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, for armed robbery with a firearm and attempted armed robbery with a firearm. An additional consecutive five years, without benefit of probation, parole, or suspension of sentence, was also ordered on each count pursuant to La.R.S. 14:64.3. The sentences were ordered to run concurrently. For criminal conspiracy to commit armed robbery, the Defendant was sentenced to twenty-five years at hard labor, also to run concurrently with his sentences for armed robbery with a firearm and attempted armed robbery with a firearm. These sentences were also ordered to run concurrently with the sentences imposed in docket numbers 74,842 and 75,771. A motion to

---

[1] In addition to the charges in the instant appeal, the Defendant pled guilty to possession of schedule IV controlled dangerous substance in docket number 74,842 and to possession of a firearm by a convicted felon in docket number 75,777. These convictions are presently before this court on appeal in docket numbers 10-453 and 10-454, respectively.

reconsider sentence was filed on December 23, 2009, and denied without a hearing on December 29, 2009.

The Defendant is now before the court on appeal, asserting that his twenty-five-year sentence, plus five years for use of a firearm, is excessive. Defendant's sentence is affirmed.

**FACTS:**

**Armed Robbery with a firearm**

At the Defendant's guilty plea hearing, the State established that on September 20, 2008, the Defendant, along with his accomplices, entered the victim's home and robbed her at gunpoint, taking her purse which contained money, medication, and various other items. The victim was a sixty-three-year-old disabled woman. During the robbery, she was hit about the head.

**Attempted Armed Robbery with a Firearm**

On September 15, 2008, the Defendant and his accomplices, attempted to commit armed robbery of the victim in her home.[2] The offenders went to her home and disabled the outside lighting around the home by unscrewing the bulbs. When they attempted to enter the victim's home, she woke up and went to her door. They subsequently fled the scene. Before fleeing, they took the victim's purse from her car. Various items, including money, a cell phone, and medication, were taken from her purse, and the purse was placed back into her car.

**Conspiracy to Commit Armed Robbery**

Lastly, on September 15, 2008, prior to going to the victim's home, the Defendant and his co-conspirators, knowing or believing that the victim had a large

---

[2]The same victim was involved in all three offenses.

2

amount of cash in her home, discussed their plan to rob the victim. The Defendant provided firearms and a vehicle to use in the offense, and another co-conspirator purchased masks and walkie talkies to use in the commission of the crime.

**ERRORS PATENT & PROCEDURAL ISSUE:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are three errors patent.

The bill provides in pertinent part: "on or about September 15, 2008, defendant did possess a firearm as a convicted felon in violation of R.S. 14:95 (A felony)." The proper citation is La.R.S. 14:95.1. The erroneous citation of a statute in the charging instrument is harmless error as long as the error does not mislead the Defendant to his prejudice. La.Code Crim.P. art. 464. The Defendant does not allege any prejudice because of the erroneous citation; thus, any error is harmless. Additionally, by entering an unqualified plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Moreover, the State dismissed the charge. Accordingly, this error is harmless and/or is waived. *State v. Allen,* 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091.

Next, count two in the bill of information states in pertinent part: "on or about September 15, 2008, defendant, while armed with a firearm did attempt to rob Ms. Lee Ann Street, a violation of La.R.S. 14:64. and 14:27." The State failed to include the citation of La.R.S. 14:64.3, when the dangerous weapon used in the commission of the crime of attempted armed robbery is a firearm, and provides an additional period of five years. Nevertheless, the Defendant was clearly informed in the bill that he was charged with attempted armed robbery with a firearm. Additionally, there is

3

nothing on the face of the record indicating that this error misled the Defendant to his prejudice, and neither the minutes nor the pleadings indicate that the Defendant alleged any prejudice due to the error. Accordingly, this error is harmless. *State v. Poche*, 05-1042 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225.

Moreover, there is a misjoinder of offenses in the bill of information. The bill of information, charged the Defendant with the following: Count 1, armed robbery with a firearm, a violation of La.R.S. 14:64 and 14:64.3; Count 2, attempted armed robbery with a firearm, a violation La.R.S. 14:64 and 14:27; Counts 3 and 4, theft of items valued less than $300.00, violations of La.R.S. 14:67; Count 5, conspiracy to commit armed robbery, a violation of La.R.S. 14:26 and 14:64; and Count 6, possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill under limited circumstances if the offenses joined are triable by the same mode of trial. Counts three and four are misdemeanors, triable by a judge without a jury. La.Code Crim.P. art. 779. Counts one, two, five, and six are felonies, triable by a jury of twelve in which ten must concur to render a verdict. La.Code Crim.P. art. 782. Therefore, counts three and four were improperly joined with the counts one, two, five, and six. However, the Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by La.Code Crim.P. art. 495. Additionally, by entering an unqualified guilty plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Thus, this error is precluded from review.

Finally, we note that because the misdemeanors were not triable by a jury, the proper mode of appellate review for these offenses was an application for writ of

4

review, rather than an appeal. La.Code Crim.P. art. 912.1. Because these charges were dismissed, any procedural issue is moot.

**ASSIGNMENT OF ERROR:**

In his sole assignment of error, the Defendant argues that his sentence of twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, plus five years for use of a firearm, is excessive. The Defendant also contends that the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence. The Defendant does not specify whether he is challenging his sentence imposed for armed robbery with a firearm or for attempted armed robbery with a firearm, or both. As such, we will address the sentence imposed for both crimes.[3]

This court has set forth the following standard to be used in reviewing excessive sentence claims.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

---

[3]The Defendant did not challenge his sentence for criminal conspiracy to commit armed robbery.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [a]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 787, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The sentencing range for armed robbery as provided in La.R.S. 14:64 is ten to ninety-nine years, without benefit of parole, probation, or suspension of sentence. As such, the Defendant's twenty-five-year sentence falls within the lower range of possible sentences. Also, the additional penalty of five years at hard labor, without benefit of parole, probation, or suspension of sentence, to run consecutively to the underlying armed robbery sentence, is mandated under La.R.S. 14:64.3 when a firearm is used in the commission of an armed robbery. Accordingly, the trial court had no discretion to order a lesser penalty.

The sentencing range for attempted armed robbery is not more than forty-nine and one-half years at hard labor, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64 and 14:27. As such, the Defendant's twenty-five year sentence is about one-half of the maximum possible sentence he could have received for this offense. Again, the trial court imposed the additional penalty as mandated by La.R.S. 14:64.3 and had no discretion to impose a lesser penalty.

6

In addition to the low to midrange sentences imposed, we note that the Defendant received a significant benefit as a result of his plea agreement. Numerous charges were dismissed, and the Defendant avoided habitual offender prosecution, all of which greatly reduced his total sentencing exposure. Lastly, the Defendant's sentences were ordered to run concurrently with each other and the sentences imposed in two other unrelated docket numbers, further reducing his total years of incarceration.

At sentencing, the trial court noted that the Defendant was twenty-five years old. The trial court added that it had considered the sentencing guidelines under La.Code Crim.P. art. 894.1, the Defendant's presentence investigation report, and letters and a petition on the Defendant's behalf. Next, the trial court discussed the facts of the offenses and the mitigating and aggravating factors as follows:

> The facts of the case are that . . . Singletary came up with this idea that this lady had $300,000 squirreled away at her residence out in the Cottonwood community[,] and Mr. Sneed and another - - Edwards - - decided that, along with Singletary, that they'd go rob this lady. They talked about it, planned it, went out there and cut the phone lines. Singletary entered the house and the dog got after him and he backed out and they went around and stole the purse out of her car and left. Then, after talking about it some more, planning for it, dressing for it, on both occasions they armed themselves with weapons - - guns, dressed themselves for it, went out there and, on this occasion, this defendant, Mr. Sneed, he was the wheel man. He stayed in the car. These other two got out and went in the house and beat and robbed this woman. Then they went off and hid all this stuff out and got caught because the victim recognized defendant Singletary, the one I just sentenced while ago. You know, and this - - I don't know if Mr. Sneed was in here, but the sentencing considerations, the Court - - there's no really mitigation for, under any of the considerations, for this kind of conduct. The only thing the Court can look at in mitigation and that's - - and that's not uncommon because courts generally will sentence - - will give a lesser sentence to the wheel man than they do the actual perpetrators, especially in this case where there was violence meted out on the victim. In looking at the defendant's record . . . going all the way back to 2003, he was put in a pretrial program for a simple burglary, but, other than that, most of his felonies were the result of just stupid things. Here he

7

is, a convicted felon, now, in 2004 and he's out hunting at night with a firearm. That's possession of firearm, another felony. You know, D.W.I., misdemeanor, criminal trespass, cruelty to animals, possession of a firearm by a felony [sic]. What'd he do? Probably got drunk, but he shot his own horse is what he was doing. That's stupid, again. I find that, you know, he doesn't have a -- much of a criminal history where he's -- there's been violence to victims -- persons. But, what his record does demonstrate to this Court is that -- that even though those were dumb things to do considering the consequences, show -- it tells the Court that it -- that he's -- he just had a total disregard for the law, and because of that, he was well known to the -- to the authorities and probably why they threw the book at you, Mr. Sneed, on all these charges. But, that's a fact of life that we deal with. The Court, even though, can, I suppose, reach for -- conclude that's it in mitigation that you didn't go in there and participate in beating that woman and that your criminal record speaks loudly to the Court.

The Defendant did not refer to any jurisprudence to support his excessive sentence claim. As noted in *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1, a sentencing range of thirty-five to fifty years is considered acceptable by the supreme court for first-time offenders convicted of armed robbery. Although the Defendant herein is not a first felony offender, his sentence for armed robbery, nonetheless, falls within the appropriate range for first felony offenders. Further, his twenty-five-year sentence for attempted armed robbery is only half of the maximum fifty years considered to be acceptable for a first felony conviction for armed robbery.

Considering the Defendant's criminal history, the benefit received from the plea agreement, and the trial court's reasons for sentencing, we find that his sentences reflect leniency on behalf of the trial court after a thorough consideration of the mitigating and aggravating factors in this case. Accordingly, this assignment of error is without merit, and the Defendant's sentences is affirmed.

**DECREE:**

The Defendant's sentences for armed robbery with a firearm and attempted armed robbery with a firearm is affirmed.

8

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules – Courts of Appeal.